Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2673 | **DATE** | 5/22/2003 |
| **CASE TITLE** | Sutherland vs. Norfolk Southern Railway Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___. Reply to answer brief due___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant the motion (Doc 4-1) to remand this case back to the Circuit Court of Cook County. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2 3 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH M. SUTHERLAND,            )
                                 )
            Plaintiff,            )
                                 )
      vs.                         )      03 C 2673
                                 )
NORFOLK SOUTHERN RAILWAY         )
COMPANY,                         )
                                 )
            Defendant.            )

MAY 2 3 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff Joseph Sutherland's motion to remand this case back to the Circuit Court of Cook County. For the reasons set forth below, we grant the motion.

## BACKGROUND

The following background is based on the allegations in the complaint and does not represent established fact. Sutherland was employed by Defendant Norfolk Southern Railway Company ("Norfolk Southern") at its Calumet Yard of the Chicago Terminal in Cook County. Sutherland's responsibilities included moving groups of railcars to different tracks within the yard. On April 21, 2000, while performing such a task, Sutherland entered a locomotive and sat in a chair of the locomotive's cab. The

chair's back support broke, and Sutherland fell to the cab floor, sustaining injuries. On July 3, 2000, Norfolk Southern terminated Sutherland for allegedly falsifying an injury report. Sutherland denies this and maintains that Norfolk Southern's real motive for the firing was to avoid reporting his injury to the Federal Railroad Administration, contrary to 49 C.F.R. § 225, or to the Secretary of Transportation, contrary to 49 U.S.C. § 20703.

The complaint, which was originally filed in state court, alleges three counts. Count I is brought under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, for negligence. Count II is also brought under FELA for violations of the Federal Boiler Inspection Act ("FBIA"), 49 U.S.C. § 20701. Count III is an Illinois state law wrongful discharge claim. Norfolk Southern removed the action from state court. Sutherland now moves to have it sent back because it was improperly removed.

## DISCUSSION

Although this court has original jurisdiction over Counts I and II (*see* 28 U.S.C. § 1331), FELA actions generally are not removable from state to federal court. 28 U.S.C. § 1445(a). Non-removable causes of action, however, become removable when joined with another cause of action that both is removable and arises under federal law. 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more

otherwise non-removable claims or causes of action, the entire case may be removed . . ."). Thus, the issue is whether Count III arises under federal law.

Sutherland contends that Count III is simply a wrongful discharge claim pursuant to state law. Norfolk Southern argues that we have federal question jurisdiction over Count III pursuant to both the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, and the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20101 *et seq.*

Norfolk Southern first argues that the RLA preempts Sutherland's state law-based wrongful discharge claim because it involves interpreting the collective bargaining agreement ("CBA") between Sutherland's union and Norfolk Southern. The complaint makes no mention of any CBA, and there is no need to interpret a CBA to resolve Sutherland's claim. Accordingly, the RLA does not preempt Count III. *Hawaiian Airlines, Inc. v. Finazzo*, 512 U.S. 246, 257 ("substantive protections provided by state law [such as the right to be free from wrongful discharge], independent of whatever labor agreement might govern, are not pre-empted under the RLA"); *see also Mason v. Norfolk Southern Corp.*, 1997 WL 733901, *1 (N.D. Ill. Nov. 17, 1997) (state law wrongful discharge claim was not preempted by the RLA since it did not require interpreting a CBA).

Norfolk Southern also maintains that we have federal question jurisdiction over Count III because of its reliance on FRSA provisions. As stated earlier, Sutherland alleges that he was fired because Norfolk Southern wanted to avoid injury-reporting

-3-

obligations imposed by 49 C.F.R. § 225 and 49 U.S.C. § 20703. Under *Mason* (a case involving very similar facts to those before us now), references to federal obligations in a state law wrongful discharge claim are not enough to transform the state claim into a federal cause of action. 1997 WL 733901, *1. In *Mason,* the court remanded FELA and wrongful discharge claims to state court despite that the wrongful discharge claim expressly relied on federal law to demonstrate the public policy that defendant allegedly sought to avoid by firing plaintiff. *Id.* The court explained:

> First, [defendant] argues that on the face of Mason's complaint he specifically invokes the following sections from the federal code and regulations: 45 U.S.C. § 441(a) (recodified in 1994 as 49 U.S.C. § 20109) and 49 CFR §§ 225.11, 225.25 and 225.33. I read Mason's complaint differently. Mason does refer to these sections in his complaint. However, he does not refer to them to claim [defendant] violated them or to seek recovery based on their violation. Rather, Mason has referenced the federal statute and regulations to demonstrate that public policy prohibits the type of retaliatory actions allegedly inflicted upon him and that Mason's actions in filing a report were mandated by law. Mason's claims are thus grounded in state law.

*Id.* Sutherland's complaint does not raise a federal question under the FRSA.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to remand.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: 5/22/03